## DEARBORN SUPPLY CO. v. FEDERAL TRADE COMMISSION.

### No. 8408.

Circuit Court of Appeals, Seventh Circuit.

Dec. 23, 1944.

William T. Woodson, of Chicago, Ill., and James F. Hoge and L. B. Stoughton, both of New York City, for petitioner.

Joseph J. Smith, Jr., Sp. Atty., W. T. Kelley, Chief Counsel, and Donovan R. Divet, Sp. Atty., all of Federal Trade Commission, all of Washington, D. C., for respondent.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition to review and set aside a supplemental order to cease and desist, issued by the Federal Trade Commission (respondent). Inasmuch as we are convinced, after a careful study of the record, that there is no substantial evidence to support the finding of the Commission upon which its supplemental order is predicated, we find it unnecessary to consider numerous other questions raised by petitioner.

Respondent on September 17, 1938 issued its complaint, charging petitioner with having engaged in unfair methods of competition and unfair and deceptive acts in commerce in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 45 et seq. In substance, the charge was that petitioner had violated the statute by disseminating false and misleading representations concerning a cosmetic preparation called "Mercolized Wax," which the complaint alleged "may, under certain conditions, be harmful to the user thereof because of the ingredients from which said product is composed." Petitioner by answer denied this and other allegations of the complaint, but subsequently entered into a stipulation of facts which contained numerous excerpts from the advertisements of its product. The stipulation also recited that respondent "has available competent expert medical witnesses" who should have been deemed to have appeared and duly testified to the harmful effect calculated to result to the body upon application of such preparation.

A hearing having been waived, respondent made its finding of facts, which followed petitioner's stipulation, and on August 15, 1939, entered its original order to cease and desist. Some eight weeks later, petitioner filed with respondent a petition in which it prayed that the Commission set aside those provisions of the stipulation, findings, and order relating to "Mercolized Wax" and reopen the proceeding for the taking of testimony on the ground that "the petitioner has now available, and can procure," newly discovered evidence "to the effect that Mercolized Wax * * * has never been and is not now injurious to the users thereof." Thereupon, respondent vacated those provisions of the stipulation and the facts and findings relating to the danger involved in the use of "Mercolized Wax," set aside so much of the order to cease and desist as prohibited the dissemination of advertisements which failed to reveal such danger. Thus the issue was limited solely to the injurious effects which might result from the use of "Mercolized Wax." Numerous expert witnesses testified for the

respective parties concerning this issue. Thereupon, respondent made its supplemental finding of facts and entered its supplemental order to cease and desist, which is the order now sought to be vacated and set aside.

▪ Petitioner advances the argument that respondent was limited in its findings, bearing upon the issue before it in the supplemental proceeding, to the proof which was offered therein. We think there is no merit in this argument and that respondent was entitled to consider and appraise the entire record other, of course, than that portion which was vacated prior to the hearing upon the issue raised by petitioner's supplemental petition.

Respondent found that the indiscriminate use of "Mercolized Wax" was harmful, and found the conditions and circumstances under which it could be used with safety. It also found that the directions for its use, enclosed in each package of the preparation, were sufficient to apprise persons examining them of the precautions which must be observed in order to avoid injurious effects. Notwithstanding the conflicting testimony concerning these matters, we think the findings so made are substantially supported.

The essential finding under attack, however, is as follows:

"Respondent's advertisements, however, make no reference to these precautions nor to the injurious effects which are likely to result from the indiscriminate use of the preparation, nor is there any statement in the advertisements referring to the directions for use and cautioning the public that the preparation should be used only as directed. The Commission is therefore of the opinion and finds that the advertisements constitute false advertisements in that they fail to reveal facts material in the light of the representations made therein, and material with respect to consequences which may result from the use of the preparation under the conditions prescribed in the advertisements or under such conditions as are customary or usual."

Admittedly, there is no direct proof in support of this finding, either in the evidence heard at the supplemental hearing or in the stipulation entered into prior to the original hearing. Respondent, however, indulges in certain inferences, assumptions and innuendoes, which it contends furnish the necessary support. The burden of its argument in this respect is that respondent, with petitioner's knowledge, was led to believe that petitioner was making no contention but that its advertisements failed to reveal any precautionary statement, and that under such circumstances it was the duty of petitioner to rebut the assumptions so indulged in by respondent by the introduction of petitioner's complete advertisements. Passing by the proposition that such assumption on the part of respondent, even though acquiesced in by petitioner, should be permitted as a substitute for proof, of which we are doubtful, we are of the view that the record furnishes no basis for saying that there was acquiescence by petitioner. In fact, the circumstances point to a contrary conclusion.

▪ The most striking circumstance in this respect, so we think, arises from the stipulation of facts in connection with the pleading. All of the allegations of the complaint were directed at affirmative acts on the part of petitioner, and especially is this so with reference to the character of petitioner's advertisements. The complaint was based solely upon the disclosures of such advertisements and not upon what was failed to be revealed. The stipulation in an introductory paragraph stated:

"The following statement of facts may be made a part of the record herein and may be taken as the facts in this proceeding and in lieu of testimony in support of charges stated in the complaint, or in opposition thereto."

As already shown, there was no proof in support of the complaint except certain excerpts from petitioner's advertisements. We should think under such circumstances that petitioner would have a right to assume that respondent was relying solely upon such excerpts and not upon some other matter or proposition not included in the stipulation or otherwise offered to be proved. While we are dealing in inferences, we think it must be inferred that respondent, at any rate at the time of the original hearing, regarded the portions of the advertisements not included in the stipulation as immaterial to the issue between the parties, and in any event it appears certain that petitioner was justified in indulging in such inference.

▪ It is therefore our judgment that the finding above quoted is without sub-

stantial support, and inasmuch as respondent's supplemental cease and desist order is predicated upon such unsupported finding, the order cannot stand. It is therefore vacated and set aside, without prejudice, however, to respondent's right to reopen the proceeding and to offer additional proof.